By the Court, White, J.
The plaintiff in this action alleges that he made a contract with the defendants, by the terms of which he was to do the press-work of a newspaper, or periodical, published by them semi-monthly, for certain stipulated wages or compensation, and that this employment was to be continued to him so long as he did the work in a workmanlike manner; and his complaint further states, that at the expiration of one year the defendants took the work from him, against his will, and refused to employ him any longer, although he tendered his services, and requested them to give him the work.
The defendants deny the making of the alleged contract with the plaintiff, but state that he did press-work for them, and deny that, he did it in a workmanlike manner; and they also allege, that at or near the close of the year he refused to do the work except for higher wages, which he demanded.
The proof on the trial was, that the"plaintiff made a written' contract of the character stated in the complaint, with one Angelí, who professed to be authorized by the defendants to make such contract, on their behalf; and it also appeared, that the plaintiff did press-work under that contract for one year, but that some of it was not done in a workmanlike man, ner; that towards the close of the year he complained to Angelí of the inadequacy of the compensation or wages he received, and claimed a higher rate of pay. But no proof was given, that Angelí had authority to make the special contract above mentioned, so as to bind the defendants by it; the only proof of his agency being, that he was daily engaged in and about the defendants’ business and building, and paid the plaintiff for his work, or certified the bills for it, so that the treasurer of the society paid him; and it also appeared that the paper for the press-work was received from and returned to the *602 defendants’ establishment by the plaintiff; there was no testimony to show that the defendants had any knowledge that the special contract was made, or knew that the plaintiff was doing work for them otherwise than from day to day, • and at their will and option as to its duration and extent.
Upon this testimony the court at the trial dismissed the complaint on the ground that the contract or agreement set up by the plaintiff had not been proved; in which decision I can discover no error. And the making of the contract not being proved, the learned judge was necessarily right in excluding, as he did at the trial, testimony offered to show damages sustained from a refusal of the defendants to comply with its alleged stipulations.
The motion for a new trial should be denied, and judgment rendered in favor of the defendants upon the decision of the judge at special term, - with costs, including the costs óf this appeal.